STATE OF MAINE                                    SUPERIOR COURT
YORK, ss                                          CIVIL ACTION
                                                  DOCKET NO. CV-22- 270

STEPHEN GAUDETTE              )
                              ) PLAINTIFF'S COMPLAINT
                              ) FOR DISCRIMINATION
   Plaintiff,                 )
                              )
                              )
                              )
                              )
   v.                         )
                              )
                              )
CORNING INCORPORATED          )
                              )
   Defendant.                 )

NOW COMES Plaintiff, Stephen Gaudette, ("Gaudette") or ("Plaintiff") by and through his attorney of record, the Law Office of Guy D. Loranger, and complains against Defendant as follows:

## PARTIES AND JURISDICTION

1. Gaudette always mentioned herein resided in the town of Biddeford, State of Maine.

2. Defendant Corning, Inc. ("Corning" or "Defendant") operates a business in York County.

3. All incidents herein on which Plaintiff sues occurred in the County of York, State of Maine.

4. Plaintiff requests a jury trial.

## ALLEGATIONS

5. In October of 2020, Gaudette began working, through a temporary agency, at Corning's Kennebunk, Maine location.

1

6. Corning generally hired agency workers after three months of successful employment.

7. Gaudette successfully completed three months employment, but Corning did not hire him

8. In March of 2021, Gaudette filed an on-line application for employment with Corning.

9. A week later, Corning's representative, Lindsay Knight, contacted Gaudette to seek permission to do a background check on Gaudette and seek further information from Gaudette.

10. Corning then contacted Gaudette to set up a pre-employment drug test.

11. On or about April 5th, Corning, through Ms. Knight, presented Gaudette with a job offer

12. Gaudette accepted the offer.

13. On or about April 7, 2021, Gaudette went to Human Resources representative Kaitlyn Conroy to inquire if his drug test had come back.

14. Ms. Conroy then called Ms. Knight on speaker phone. Ms. Knight confirmed the drug test came back good, and Gaudette had been placed on the list to be hired.

15. A week later, Gaudette asked Ms. Conroy for his start date. Ms. Conroy directed Gaudette to speak to Alexis Cashman, the Manager of Human Resources.

16. Ms. Cashman informed Gaudette that he needed to speak to his supervisors.

17. Gaudette spoke to his supervisors who claimed to not have money in the budget to hire him.

18. Corning, however, subsequently hired four additional employees into Complainant's department. The new hires were all under 50; Gaudette is 61.

19. On or about May 18 2021, Gaudette called Ms. Knight. She did not answer, so he left a message inquiring about his hire.

20. Gaudette again called Ms. Knight. She did not answer, so he again left a message inquiring about his hire.

21. Gaudette subsequently spoke to a long-time employee and explained his recent experience. The employee asked Complainant his age. He responded sixty-one. The employee stated, "your too old."

22. On August 1, 2021, Gaudette received an email from Corning rejecting his employment application. Corning did not provide a reason for the rejection.

23. Corning did not hire Gaudette due to his age.

24. Corning's actions violated the Maine Human Rights Act's prohibition against age discrimination.

25. Gaudette has received a right to sue letter from the Maine Human Rights Commission.

## COUNT I: AGE DISCRIMINATION

26. The MHRA makes it illegal for an employer to discriminate against an employee due to age.

27. Corning did not hire Gaudette due to his age.

28. Cording's actions amount to discrimination in violation of the MHRA.

29. Defendant acted in reckless disregard for Gaudette's rights contained in the MHRA.

**WHEREFORE**, Gaudette respectfully requests that this Honorable Court (1) enter judgment of favor of him and (2) award damages sufficiently large to compensate for damages he has suffered as a result of Defendant's conduct including, but not limited to, damages for general and non-economic damages, economic damages, prejudgment and post

judgment interest, lost wages, punitive damages, injunctive relief, costs of this suit, including reasonable attorney fees and costs, and such further relief the Court may deem proper.

Dated: December 7, 2022

*/s/ Guy D. Loranger*
Guy D. Loranger, Esq., Bar No. 9294
Attorney for Plaintiff

LAW OFFICE OF GUY D. LORANGER
1 Granny Smith Court, Suite 3
Old Orchard Beach, Maine 04064
(207) 937-3257